UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | CR-03-94-B-W |
| | ) | |
| | ) | |
| HEATHER A. TYLER | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE**

Having successfully delayed serving her six-month sentence for nearly two years, Heather Tyler now seeks to have it reduced. This Court denies her motion.

**I.   Procedural History**

On December 18, 2003, Heather A. Tyler pleaded guilty to a one-count information charging her with health care fraud in violation of 18 U.S.C. § 1347. (Docket #s 2, 8). On April 5, 2004, this Court sentenced Ms. Tyler to six months' imprisonment to commence May 5, 2004. (Docket #s 18, 20). She appealed to the First Circuit, and filed an emergency motion for stay of sentence pending appeal, which this Court granted on May 3, 2004. (Docket #s 23, 25). The First Circuit affirmed on August 8, 2005, and this Court set a report date of October 3, 2005. (Docket #s 31, 32). Ms. Tyler moved to stay until the end of December to compete the semester at the University of Maine. *Def.'s Mot. for Stay* (Docket # 33). This Court granted the motion and allowed a new report date of January 3, 2006. (Docket #s 34, 35).

On January 26, 2006, Defendant Heather Tyler moved to reduce her sentence, arguing that her imprisonment in the Federal Correctional Institute of Danbury, CT has imposed a hardship on her family; that she does not feel safe there; that she has not been cleared for medical

treatment for her asthma, allergies, Bipolar Disorder and Obsessive Compulsive Disorder; and, that the facility offers no opportunities for rehabilitation. *Def.'s Mot. for Reduction of Sentence* (Docket # 36)(*Def.'s Mot.*). She notes that she has paid the restitution in full. *Id.; Satisfaction of Judgment* (Docket # 30). The Government opposes this motion, arguing that the circumstances under which a court may reduce a criminal judgment are limited and the Defendant does not meet them. *See Gov.'s Resp. to Def.'s Mot. for Reduction of Sentence* (Docket # 37)(*Gov.'s Resp.*).

## II.    Discussion

### a.   18 U.S.C. § 3582 [Imposition of a sentence of imprisonment]

An imposed term of imprisonment may be modified pursuant to 18 U.S.C. § 3582 in limited circumstances. The statute reads:

> (b) Effect of finality of judgment. Notwithstanding the fact that a sentence to imprisonment can subsequently be—
> (1) modified pursuant to the provisions of subsection (c);
> (2) corrected pursuant to the provisions of rule 35 of the Federal Rules of Criminal Procedure and section 3742 [18 USCS § 3742]; or
> (3) appealed and modified, if outside the guideline range, pursuant to the provisions of section 3742 [18 USCS § 3742];
>
> a judgment of conviction that includes such a sentence constitutes a final judgment for all other purposes.
>
> (c) Modification of an imposed term of imprisonment. The court may not modify a term of imprisonment once it has been imposed except that—
> (1) in any case—
>   (A) the court, <u>upon motion of the Director of the Bureau of Prisons</u>, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) [18 USCS § 3553(a)] to the extent that they are applicable, if it finds that--
>     (i) extraordinary and compelling reasons warrant such a reduction; or
>     (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c) [18 USCS § 3559(c)], for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the

>	defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g) [18 USCS § 3142]; and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and
>	(B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and
>	(2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) [18 USCS § 3553(a)] to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

*Id.* (emphasis supplied). Heather Tyler has no recourse under this statute. Subsection (c)(1)(A) requires a motion from the Director of the Bureau of Prisons. There has been no motion on her behalf filed by the Director, so this subsection is inapplicable. Moving to subsection (1)(B), Ms. Tyler has pointed to no statute "expressly permitt[ing]" such a modification.[1]

Nor can Rule 35 assist her. Rule 35 currently reads, in relevant part:

>	(a) Correcting Clear Error. Within 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error.
>
>	(b) Reducing a Sentence for Substantial Assistance.
>	(1) *In General.* <u>Upon the government's motion</u> made within one year of sentencing, the court may reduce a sentence if:
>		(A) the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person; and
>		(B) reducing the sentence accords with the Sentencing Commission's guidelines and policy statements.
>	(2) *Later Motion.* Upon the government's motion made more than one year after sentencing, the court may reduce a sentence if the defendant's substantial assistance involved:
>		(A) information not known to the defendant until one year or more after sentencing;
>		(B) information provided by the defendant to the government within one year of sentencing, but which did not become useful to the government until more than one year after sentencing; or
>		(C) information the usefulness of which could not reasonably have been anticipated

---

[1] The only statute cited by Ms. Tyler is 18 U.S.C. 3553 [Imposition of a sentence]. *See Def.'s Reply to Gov.'s Resp. to Def.'s Mot. for Reduction of Sentence* at 2 (Docket # 38). This statute deals with considerations at the time of sentencing and does not expressly permit modification.

>by the defendant until more than one year after sentencing and which was promptly provided to the government after its usefulness was reasonably apparent to the defendant.

*Id.* (emphasis supplied). As the sentencing took place nearly two years ago, the seven day threshold of Rule 35(a) bars any "clear error" correction she may be seeking. Nor is there any evidence the Court committed an "arithmetical, technical, or other clear error". Ms. Tyler's argument is not based on legal error so much as the conditions and effects of her imprisonment.

With the passage of the Sentencing Reform Act, Rule 35 was deliberately amended to restrict the opportunity for a district judge to revisit a lawful sentence lawfully imposed.[2] *United States v. Aqua-Leisure Indus., Inc.,* 150 F.3d 95, 96 (1st Cir. 1998). As the government has filed no motion, Ms. Tyler has no recourse under Fed. R. Crim. P. 35(b). *See Escudero-Aponte v. United States,* No. 02-2708, 2003 U.S. App. LEXIS 10307, *4 n.2 (1st Cir. May 22, 2003). There is also no suggestion she has provided the government with "substantial assistance" contemplated by the statute.

Subsection (2) of 18 U.S.C. § 3582(c) is also inapplicable, because it applies to a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission". *Id.* The sentencing range on which Ms. Tyler was sentenced has not been lowered by the Sentencing Commission.

Turning to 18 U.S.C. § 3582(b), the only potential avenue not yet closed to Ms. Tyler is 18 U.S.C. § 3742. This provision allows a defendant to file a notice of appeal in the district court for review of an otherwise final sentence if the sentence:

>(1) was imposed in violation of law;
>(2) was imposed as a result of an incorrect application of the sentencing guidelines; or

---

[2] The 1987 amendment limited the ground for Rule 35(b) relief to "'substantial assistance in the investigation or prosecution of another person who has committed an offense', added a 'government motion' requirement and extended the time for filing such motion". *Escudero-Aponte v. United States,* No. 02-2708, 2003 U.S. App. LEXIS 10307, *4 n.2 (1st Cir. May 22, 2003).

>   (3) is greater than the sentence specified in the applicable guideline range to the extent that the sentence includes a greater fine or term of imprisonment, probation, or supervised release than the maximum established in the guideline range, or includes a more limiting condition of probation or supervised release under section 3563(b)(6) or (b)(11) [18 USCS § 3563(b)(6) or (b)(11)] than the maximum established in the guideline range; or
>   (4) was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable.

*Id.* at (a). As the First Circuit affirmed Ms. Tyler's sentence, (Docket # 31), it cannot be said that it was imposed in violation of law or as a result of an incorrect application of the sentencing guideline. Nor was this an offense for which there is no sentencing guideline under subsection (4). Finally, Ms. Tyler's sentence was at the low end of the guideline range for imprisonment, involved no fine, and did not involve a greater or more limited condition of probation or supervised release than the maximum established in the guideline range. *See Judgment* (Docket # 20). Subsection (3) in particular; as well as 18 U.S.C. § 3742 and 18 U.S.C. § 3582 in general, cannot assist her.

### b. 28 U.S.C. § 2255 [Federal custody; remedies on motion attacking sentence]

There is another avenue by which to challenge a sentence. *See Gov.'s Resp.* at 2. Section 2255 allows a prisoner who claims "the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack" may move the court which imposed the sentence to vacate, set aside or correct said sentence. *Id.* Ms. Tyler has not challenged this Court's jurisdiction, and the other grounds largely echo those of 18 U.S.C. § 3742, which this Court has already discussed.

### III. Conclusion

Defendant Tyler's motion for reduction of sentence (Docket # 36) is DENIED.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 2nd day of March, 2006